**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

CARMEN HERNANDEZ ORELLANA

    Plaintiff,

v.

BACKSTAGE, LLC et al.

    Defendants.

Case No. 1:24-cv-03295-ADC

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

This is a wage and hour case brought by a former employee trying to recover unpaid minimum wages. Despite multiple follow-ups, Defendants have yet to produce a single document or answer a single interrogatory in discovery. They have not provided any responses, objections, or documents, despite multiple deficiency letters and a final warning. They also unilaterally cancelled a deposition the day before it was to take place — and failed to pay the cancellation fee as they agreed.

Defendants' complete failure to participate in discovery violates the Federal Rules and obstructs the litigation. Pursuant to Fed. R. Civ. P. 37(a)(3)(B), Plaintiff Hernandez Orellana now requests that the Court compel Defendants to provide full and complete discovery responses.[1]

## BACKGROUND

Plaintiff Hernandez Orellana brings this action against his former employers, Backstage,

---

[1] Plaintiff files this motion with the understanding that it is not governed by the procedure outlined in Local Rule 104.8(a) and the Court's Standing Order Concerning Discovery, ECF No. 13, because Defendants have not served *any* discovery responses. As stated in L.R. 104.8(a), "This procedure shall not govern motions to compel (a) answers to interrogatories or to requests for production or entry upon land where no responses at all have been served." In short, the parties do not have a discovery dispute; rather, Defendants have gone completely AWOL.

LLC and James Paul Bell, for violations of federal and state wage and hour laws. On February 25, 2025, Plaintiff served Defendants with Requests for Production and Interrogatories. *See* Ex. A. These formal discovery requests were only sent after defendants breached an initial agreement to produce time and pay records by February 21, 2025. Defendants have completely failed to respond to these requests.

Defendants' noncompliance extends beyond written discovery. On February 28, 2025, Plaintiff noticed the deposition of Defendant James Bell for March 20, 2025. Yet on the eve of March 20, 2025—after 5:00 p.m.(!)—Defendants' counsel informed Plaintiff that Defendant Bell would not attend. Defendants' counsel subsequently agree to pay the cancellation fee, but has also reneged on that promise.

Following this, the parties conferred on March 25, 2025 to address discovery. During that meeting, they acknowledged that key facts—such as hours worked and wages paid—were documented on timeslips and paystubs. *See, e.g.*, Compl. ¶ 20. Defendants agreed to produce the majority of these records by the end of the day. They did not.

Plaintiff followed up repeatedly: by email on March 27 and March 31, by phone on April 2, and again in writing later on April 2. *See* Ex. B. Defendants did not respond.

To date, Defendants have produced nothing, requested no extension, or otherwise responded to Plaintiff's outreach. They remain in violation of their discovery obligations.

## ARGUMENT

The Court should order Defendants to produce full responses without objections. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendants failed to serve timely responses or

objections as required under Rule 33(b)(2) and Rule 34(b)(2)(A), which provide that responses to interrogatories and requests for production must be served within thirty days. When a party fails to respond to discovery requests, the requesting party may move to compel responses under Rule 37(a)(3)(B).

**I.      Plaintiff's Counsel has Attempted in Good Faith to Resolve This Matter Informally.**

Plaintiff has made every effort to obtain responses without court intervention. Plaintiff attempted to resolve this matter informally through a telephonic meet and confer, emails, and letters. *See* Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 104.7 ("Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them."). Despite these efforts, Defendants ignored repeated requests for compliance and failed to engage in any meaningful discussions to cure their discovery deficiencies. Courts have consistently recognized that sanctions are appropriate when a party disregards reasonable and repeated attempts to resolve discovery disputes outside of litigation. Defendants' pattern of noncompliance left Plaintiff with no alternative but to seek court intervention.

**II.     Defendants' Minimal Burden in Responding to Plaintiff's Requests**

Particularly in a wage and hour case, Defendants' failure to produce records is inexcusable. Under longstanding Supreme Court precedent, Courts have recognized how employers bear the burden of producing wage and hour records in wage and hour litigation. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (recognizing the employer's duty to maintain records of wages and hours worked). Moreover, Maryland requires Defendants to maintain accurate wage and hour records for each employee. *See* Md. Code, Lab. & Empl. § 3-424 (requiring employers to retain records of employee wages, hours worked, and pay rates for at least three years). Failure to maintain and produce these records is not only a violation of discovery

obligations but also of fundamental employer recordkeeping requirements. The discovery process ensures transparency and fairness. Defendants' outright refusal to timely comply causes undue delay and prejudices the Plaintiff.

### III.    Plaintiff's Requested Relief

Plaintiff moves the Court to order Defendants to respond to Plaintiff's discovery requests (Ex. A) within two weeks of the Court's order. Under Rule 33(b)(4) of the Federal Rules of Civil Procedure, a party waives any objections to interrogatories by failing to respond in a timely manner, unless the Court finds good cause. *See, e.g.*, *Quan v. Tab Gha F & B*, No. TDC-18-3397, 2020 U.S. Dist. LEXIS 253451, at *3 (D. Md. Nov. 25, 2020)(collecting cases holding that untimely responses result in waiver of objections). Defendants have shown none. They have not requested an extension, nor have they responded to Plaintiff's efforts to confer. Their silence speaks for itself. Plaintiff therefore asks the Court to compel Defendants to serve full and complete responses—without objections—within fourteen days to prevent further delay and prejudice to Plaintiff

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to compel and order Defendants to produce complete discovery responses within fourteen days.

Date: April 7, 2025                                      Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
JONATHAN TUCKER, #18376
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com
jt@dcwagelaw.com

*Counsel for Plaintiff*

## RULE 37(a)(1) CERTIFICATION

Consistent with Fed. R. Civ. P. 37(a)(1), undersigned counsel certifies that Plaintiff has in good faith conferred or attempted to confer with the Defendants to resolve these discovery issues before seeking the Court's intervention.

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, a copy of the foregoing motion, exhibits, and proposed order, was served electronically through the Court's electronic case filing system upon counsel for Defendants.

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ
